## UNITED STATES *v.* AVERILL.

APPEAL FROM THE SUPREME COURT OF THE TERRITORY OF UTAH.

No. 23. Argued April 26, 1888. — Decided April 15, 1889.

Under §§ 823 and 839 of the Revised Statutes, the clerk of a District Court in the Territory of Utah is not entitled, for his personal compensation, over and above office expenses, to more than $3500 a year.

This view is not affected by the provisions of § 7 of the act of June 23, 1874, c. 469, 18 Stat. 253, or those of § 1883 of the Revised Statutes.

THE case is stated in the opinion.

*Mr. Assistant Attorney General Maury* for appellants.

No appearance for appellees.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is an action at law, brought by the United States in the District Court of the Third Judicial District, Territory of Utah, upon the official bond of Oscar J. Averill, as clerk of the Third Judicial District Court of the Territory of Utah, on which the other defendants were sureties, to recover the sum of $5253.33, being an alleged surplus of fees and emoluments received by the said Averill, as clerk, between August 5, 1879, and December 31, 1883, in excess of the amounts which he was entitled to retain for his personal services and the reasonable and necessary expenses of his office during that period, and for which it was claimed he was bound to account to the United States. The cause was heard in the District Court upon a general demurrer to the complaint, on which judgment was rendered for the defendants. The judgment of the District Court was affirmed on appeal by the Supreme Court of the Territory. To reverse that judgment the United States prosecute this appeal.

Section 1 of the act entitled " An Act to regulate the Fees and Costs to be allowed Clerks, Marshals and Attorneys of the

Circuit and District Courts of the United States, and for other Purposes," passed February 26, 1853, c. 80, 10 Stat. 161, provided as follows, as originally enacted: "That in lieu of the compensation now allowed by law to attorneys, solicitors and proctors in the United States Courts, to United States district attorneys, clerks of the District and Circuit Courts, marshals, witnesses, jurors, commissioners and printers, in the several States, the following and no other compensation shall be taxed and allowed." Then followed a specification of fees to be charged by various officers for various services. Section 3 provided for the rendering of accounts of fees, semi-annually, by district attorneys, clerks of the District and Circuit Courts and marshals, and contained the following enactment: "and no clerk of a District Court, or clerk of a Circuit Court, shall be allowed by the said Secretary," the Secretary of the Interior, "to retain of the fees and emoluments of his said office, or, in case both of the said clerkships shall be held by the same person, of the said offices, for his own personal compensation, over and above the necessary expenses of his office, and necessary clerk hire included, also to be audited and allowed by the proper accounting officers of the treasury, a sum exceeding three thousand five hundred dollars per year, for any such district clerk, or circuit clerk, or at and after that rate for such time as he shall hold the office." These provisions did not apply to the clerks of the territorial courts.

By § 12 of the act "making appropriations for the civil and diplomatic expenses of government, for the year ending the thirtieth of June, eighteen hundred and fifty-six, and for other purposes," passed March 3d, 1855, c. 175, 10 Stat. 671, it was enacted, "that the provisions of the act of February twenty-sixth, eighteen hundred and fifty-three, 'to regulate the fees and costs to be allowed clerks, marshals and attorneys of the Circuit and District Courts of the United States, and for other purposes,' are hereby extended to the Territories of Minnesota, New Mexico and Utah, as fully, in all particulars, as they would be, had the word 'Territories' been inserted in the sixth line after the word 'States,' and the same had read, 'in the several States and in the Territories of the United States.'

This clause to take effect from and after the date of said act, and the accounting officers will settle the accounts within its purview accordingly." With this amendment § 1 of the act of February 26, 1853, read as follows: "That in lieu of the compensation now allowed by law to attorneys, solicitors and proctors in the United States Courts, to United States district attorneys, clerks of the District and Circuit Courts, marshals, witnesses, jurors, commissioners and printers, in the several States and in the Territories of the United States, the following and no other compensation shall be taxed and allowed."

When § 1 of the act of 1853, as originally enacted, spoke of the compensation to be "allowed" to the officers named in it, it clearly included the compensation to be allowed to be retained by them for their services. This is also plainly indicated in § 3 of the same act, in the provision as to the amount per year which a clerk of a District or Circuit Court may be "allowed" to retain, out of the fees and emoluments of his office, "for his own personal compensation." So, when, by the amendment made in 1855, to § 1 of the act of 1853, the latter act was made to apply to the compensation to be allowed, in the Territory of Utah, to the clerks of the District Courts there, the provision of § 3 of that act as to compensation allowed to be retained by a clerk of a District Court, was necessarily made applicable to clerks of District Courts in the Territory of Utah. Because, by the act of 1855, the provisions, that is, all the provisions, of the act of 1853, are extended to the Territory of Utah, "as fully, in all particulars, as they would be," had the words "and in the Territories of the United States" been inserted in § 1 of the act of 1853, as originally enacted. This is further shown by the fact that the new clause is, by the act of 1855, made to take effect from and after the date of the act of 1853, and the "accounting officers" are directed to "settle the accounts within its purview accordingly." This can refer only to the "proper accounting officers of the Treasury," who are required, by § 3 of the act of 1853, to audit and allow the compensation accounts of the clerks of courts. The accounts within the purview of the amendment of 1855, which the

accounting officers were required to settle "accordingly," necessarily included accounts for the compensation of the clerks of the District Courts of the Territory of Utah, which were to be settled according to the requirements of § 3 of the act of 1853.

This was the state of legislation in regard to the question under consideration when the Revised Statutes were enacted. Section 823 of those statutes, which is taken from § 1 of the act of 1853, provides as follows: "The following and no other compensation shall be taxed and allowed to attorneys, solicitors and proctors in the courts of the United States, to district attorneys, clerks of the Circuit and District Courts, marshals, commissioners, witnesses, jurors and printers in the several States and Territories, except in cases otherwise expressly provided by law." By the act of June 27, 1866, c. 140, § 2, 14 Stat. 74, the commissioners to revise the statutes were directed to place at the sections of the revision "references to the original text from which each section is compiled." The references opposite § 823 are these: "26 Feb. 1853, c. 80, s. 1, v. 10, p. 161; 3 Mar. 1855, c. 155, s. 12, v. 10, pp. 670, 671." This shows that the provision of the act of 1855 was regarded as being incorporated in § 823. The provision of § 3 of the act of 1853, in regard to the compensation to be retained by clerks, was embodied in § 839 of the Revised Statutes, in these words: "No clerk of a District Court, or clerk of a Circuit Court, shall be allowed by the Attorney General, except as provided in the next section, and in section eight hundred and forty-two, to retain of the fees, and emoluments of his office, or, in case both of the said clerkships are held by the same person, of the fees and emoluments of the said offices, for his personal compensation, over and above his necessary office expenses, including necessary clerk-hire, to be audited and allowed by the proper accounting officers of the Treasury, a sum exceeding three thousand five hundred dollars a year for any such district clerk, or for any such circuit clerk, or exceeding that rate for any time less than a year." By § 15 of the act of June 22, 1870, c. 150, 16 Stat. 164, the Attorney General had been given the supervisory power over

the accounts of the officers of courts, in place of the Secretary of the Interior. The exceptions contained in § 840 have reference to the clerks of the Circuit and District Courts in California, Oregon and Nevada, who are authorized to retain, for their personal compensation, out of fees received, not exceeding $7000 a year. Section 842 grants additional compensation to clerks and marshals for special services in prize causes.

We think that §§ 823 and 839 must have the same construction that §§ 1 and 3 of the act of 1853 were required to have, after the enactment of the act of 1855, and that they apply to the allowance for compensation to the clerks of District Courts in the Territory of Utah. There is no indication in the language of those sections of the Revised Statutes of any intention to change the meaning of §§ 1 and 3 of the act of 1853, as modified by the act of 1855, as such meaning stood on the 1st of December, 1873. In the absence of such indication, §§ 823 and 839 of the Revised Statutes must be accepted as the law on the subjects which they embrace, as it existed on the 1st of December, 1873. *United States* v. *Bowen*, 100 U. S. 508; *Cambria Iron Co.* v. *Ashburn*, 118 U. S. 54, 57.

On the 23d of June, 1874, the day after the enactment of the Revised Statutes, Congress passed an act "in relation to courts and judicial officers in the Territory of Utah," (18 Stat. 253, c. 469,) the 7th section of which read as follows: " That the act of the territorial legislature of the Territory of Utah, entitled ' An Act in relation to marshals and attorneys,' approved March third, eighteen hundred and fifty-two, and all laws of said Territory inconsistent with the provisions of this act, are hereby disapproved. The act of Congress of the United States, entitled ' An Act to regulate the fees and costs to be allowed clerks, marshals, and attorneys of the Circuit and District Courts of the United States, and for other purposes,' approved February twenty-sixth, eighteen hundred and fifty-three, is extended over and shall apply to the fees of like officers in said Territory of Utah. But 'the district attorney shall not by fees and salary together receive more than thirty-five hundred dollars per year; and all fees and moneys received

by him above said amount shall be paid into the Treasury of the United States." We do not perceive that this section changes the law as it then existed, in the particular in question. There is no express repeal of the provision of the act of 1855, nor anything inconsistent with it. The act of 1853, that is, the entire act, is extended over and made to apply to "the fees of like officers in said Territory of Utah," that is, to "the fees and costs to be allowed clerks, marshals and attorneys" in the District Courts in Utah, subject to the special provision of § 7 as to the compensation of the district attorney. The allowance of fees covers the allowance of compensation to be retained out of fees, in the settlement of accounts by the accounting officers of the Treasury. At the most, this legislation was redundant, so far as the compensation of the clerks of the District Courts in Utah was concerned.

It remains only to notice § 1883 of the Revised Statutes, which provides as follows: "The fees and costs to be allowed to the United States attorneys and marshals, to the clerks of the Supreme and District Courts, and to jurors, witnesses, commissioners and printers, in the Territories of the United States, shall be the same for similar services by such persons as prescribed in chapter sixteen, title 'The Judiciary,' and no other compensation shall be taxed or allowed." Reference is made in the margin of § 1883, both in the first and the second editions of the Revised Statutes, to the organic and other acts relating to nine Territories, including Utah, and to § 12 of the act of March 3d, 1855, hereinbefore recited, showing that § 1883 was compiled from the statutory provisions thus referred to. This § 1883 must have the same construction above given to §§ 1 and 3 of the act of 1853, as modified by the act of 1855, and to §§ 823 and 839 of the Revised Statutes, as enacted. The fees mentioned in § 1883 as "to be allowed" to clerks of the District Courts in the Territories, cover the fees to be retained by them for compensation for services. Sections 823 and 839 are in chapter 16 of the title mentioned. They prescribe the fees to be allowed to, and retained by, clerks of District Courts; "and no other compensation" can, under § 1883, be allowed

to be retained by clerks of the District Courts in Utah, for personal compensation, than is by the provisions of chapter 16 of the title mentioned prescribed to be allowed to be retained by the clerks of the District Courts named in § 839, for personal compensation. Section 1883 is in the same language in both editions of the Revised Statutes, but, in the 2d edition, a marginal reference is made to § 7 of the act of June 23d, 1874, hereinbefore quoted, passed after the Revised Statutes were enacted.

*The judgment of the Supreme Court of the Territory of Utah is reversed, and the case is remanded to that court, with a direction to reverse the judgment of the Third Judicial District Court of the Territory of Utah, dismissing the complaint, and to take such further proceedings as may be conformable to law and not inconsistent with the opinion of this court.*

MR. CHIEF JUSTICE FULLER was not a member of the court when this case was argued, and took no part in its decision.