UNITED STATES, APPELLANT, *v.* HENRY G. MC-MILLAN, CLERK THIRD JUDICIAL DISTRICT COURT, AND OTHERS, RESPONDENTS.[1]

1. COMPENSATION OF CLERKS OF DISTRICT COURTS.—FEDERAL AND TERRITORIAL FEE-BILL.—The federal fee bill (Rev. St. U. S. § 823, *et seq.*) provides that no other compensation shall be allowed to clerks of the United States circuit and district courts than that therein prescribed. 2 Comp. Laws 1888, p. 804, *et seq.*, prescribes the fees and compensation of clerks of the territorial district courts. *Held* that the federal fee bill was not applicable to cases in the territorial courts in which the United States was not a party, and that the clerk need not account for any moneys received by him in other cases. *Marte* v. *Rwy. Co.*, 9 Utah, 459. (35 P. R. 501). Affirmed.

2. ID.—FEES FOR NATURALIZATION.—The clerks of the territorial district courts need not account to the United States for moneys earned or received in the matter of naturalization. *U. S.* v. *Hill*, 120 U. S. 169, followed.

(No. 484.   Decided June 18, 1894.   37 P. R. 263.)

APPEAL from the District Court of the Third Judicial District, Hon. George W. Bartch, *Judge.*

Action by the United States against Henry G. McMillan,

[1]Appeal taken to the supreme court of the U. S. June 18, 1894.

late clerk of the Third Judicial District Court, and John J. Daly and Worden P. Noble, sureties on his official bond. From a judgment sustaining a demurrer and dismissing the complaint, plaintiff appeals. *Affirmed.* The facts are stated in the opinion.

*Mr. Andrew Howat,* Assistant U. S. Attorney, for appellant.

*Mr. W. H. Dickson, Mr. James W. Kimball* and *Messrs. Rawlins & Critchlow,* for respondents.

MERRITT, C. J.:

This is an action brought by the United States against Henry G. McMillan, late clerk of the Third District Court of Utah Territory, and his bondsmen, to recover an alleged surplus of fees and emoluments alleged to have been earned and received by said McMillan as such clerk, and which it is alleged he failed to account for and pay over as required by sections 833, 844, Rev. St. U. S. The complaint contains two counts. The first alleges that between the 8th day of June and the 31st day of December, 1888, the said McMillan, as such clerk, earned and received, as fees and emoluments of his said office, $7,458.70, of which sum $988.90 was earned and received in United States cases; $3,776 for declarations of intention and naturalization; and $2,693.80 from private persons in civil litigation, and from the territory on account of territorial business. It is further alleged that the said McMillan was entitled to retain of said moneys, as his personal compensation and reasonable and necessary expenses of his office, the sum of $3,728.98, and no more, and that it was his duty to account for and pay into the treasury of the United States all moneys received by him in excess of said last-mentioned sum, to-wit, $3,729.72; that he has failed to account for

or pay any part thereof, except the sum of $2,160, leaving a balance due the United States, as alleged, of $3,708.12.

The second count alleges that between the 1st day of January and the 31st day of December, 1890, the said McMillan, as such clerk, earned and received, as fees and emoluments of his said office, the sum of $10,544.70, of which sum $1,793.35 was earned and received in United States cases; $1,439.50 for declarations of intention and naturalizations; and $7,311.85 from private persons in civil litigations and from the territory on account of territorial business. It is further alleged that the said McMillan was entitled to retain of said moneys, as and for his personal compensation, and as reasonable and necessary expenses of his said office, $6,256.75, and no more, and that it was his duty to account for and pay into the treasury of the United States all moneys received by him as aforesaid in excess of said sum of $6,256.75, to-wit, the sum of $4,287.95; and that he has failed to account for or pay any part of said sum, except the sum of $793.40, and a judgment is prayed against the said clerk and his bondsmen accordingly. To this complaint, and to each count thereof, the defendants demurred, on the ground that the facts stated were insufficient to constitute a cause of action. The demurrer was sustained by the court below, and, the plaintiff declining to amend, judgment was entered in favor of the defendant, dismissing the bill of the complainant, from which judgment this appeal was prosecuted by the government.

Two questions are presented: *First*—Is the clerk required to account for, as fees and emoluments of his office, moneys earned and received by him in civil cases between private parties and from the territory in territorial business? *Second*—Is he required to account for, as such fees and emoluments, moneys earned and received by him in the matter of the naturalization of aliens? We think

both of these questions are to be answered in the negative. The legislature of the territory of Utah, by an act approved February 20, 1874, prescribed the fees and compensation of clerks of the district courts. This act is still in force, and will be found in 2 Comp. Laws 1888, p. 804 *et seq.* This act has received the implied sanction of congress. *Clinton* v. *Englebrecht*, 13 Wall. 434, 446. And we take judicial notice that the practice of the courts of this territory has been to tax the costs of the clerks, marshals, etc., in accordance with the territorial fee bill in all other than United States business. It in many instances prescribes for the clerk larger compensation than does the federal fee bill for precisely similar services, and also gives an allowance for some services for which no corresponding charge is found in the act of congress. The federal fee bill (Rev. St. U. S. § 823 *et seq.*) provides that no other compensation shall be taxed and allowed to attorneys, solicitors, and proctors in the courts of the United States, to district attorneys, clerks of the circuit and district courts, etc., than that therein provided for. Now, if this act is applicable to civil cases between private parties, and to territorial civil and criminal business, then all moneys received and collected by the clerk in such cases in conformity with the territorial fee bill, and in excess of what could have been allowed to him if his compensation were taxed under the federal fee bill, were illegally exacted, and the territory, or the individual from whom they were so illegally exacted, and not the United States, should be entitled to sue for and recover the same.

In the case of *Marte* v. *Railway Co.*, decided at the last January term, and reported in 35 Pac. 501, we held that the federal fee bill was not applicable to cases in the territorial courts in which the United States was not a party, or of which the federal courts would not have exclusive jurisdiction if the territory were a state; and that officers,

jurors, and witnesses, when discharging duties and services under United States laws, should be compensated according to the federal fee bill, and, when discharging duties or services under the territorial laws, they should be compensated according to the territorial fee bill. We adhere to the ruling in that case, and we hold that the clerk was not required to account for any moneys earned or received by him in other than United States cases. We also hold, upon the authority of *U. S.* v. *Hill,* 120 U. S. 169, 7 Sup. Ct. 510, that he is not required to account for moneys earned or received in the matter of naturalizations. The questions here presented were not involved in the case of *U. S.* v. *Averill,* 130 U. S. 335, 9 Sup. Ct. 546, relied upon by appellant. An examination of the record in that case discloses that the complaint therein charged simply that the clerk, Averill, had received and earned as fees and emoluments of his office a certain sum in excess of what he was entitled to retain for his personal compensation and the reasonable and necessary expense of his office, and that he had failed to account for the same. For aught that appears, all the moneys earned and received by the clerk in that case were earned and received as his fees and emoluments in United States cases. The judgment of the lower court is affirmed.

MINER and SMITH, JJ., concur.