## MALONE *v.* RICHMOND & D. R. Co.

*(Circuit Court, E. D. North Carolina.* August 1, 1888.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE--AMOUNT IN CONTROVERSY.
   To entitle the defendant to remove a cause, under the "local prejudice" clause of the act of March 3, 1887, the matter in dispute must exceed the sum of $2,000, the limit prescribed by the act for the original jurisdiction of the circuit court.

2. SAME—PROCEDURE—EXISTENCE OF PREJUDICE—TRIAL.
   Such clause provides that it shall be "made to appear" to the circuit court that from "prejudice or local influence" the defendant will not be able to obtain justice in the state courts. *Held,* that it is the duty of the circuit court to examine into the truth of the facts alleged to support the grounds for removal, and to ascertain their existence. The simple affidavit by the defendant, stating, in general terms, the existence of such prejudice, and its effect, in the language of the statute,—no opportunity having been given the plaintiff, by notice, to controvert such statement,—ought not to be accepted as sufficient evidence of the fact.[1]

Application for Removal of Suit under the Act of March 3, 1887.

*D. Schenck, Charles Price,* and *John N. Staples,* for petitioner.

HARLAN, Justice. The plaintiff in this suit, which was brought in the superior court of North Carolina for the county of Buncombe, is a citizen of this state. The defendant is a corporation created under the laws of Virginia. The object of the suit is to recover statutory penalties, alleged to have accrued, under the statute, against the railroad company for non-shipment of certain personal property. The value of the matter in dispute is less than $2,000, exclusive of interest and costs. The time having passed for a removal of the suit simply on the ground of diverse citizenship, the defendant, without notice to the plaintiff, presents here a petition for its removal into this court, upon the ground that, from prejudice or local influence, the company could not obtain justice in the court in which the suit was brought, or in any other court of North Carolina, to which, under her laws, it may be removed on account of such prejudice or local influence. With the petition is filed the affidavit of the third vice-president of the railroad company, in which he repeats the general statement as to its inability, on the grounds just stated, to obtain justice in the state courts. That affidavit constitutes all the evidence offered in support of the petition for removal.

This application involves the construction of certain clauses of the act of March 3, 1887, amending the act of March 3, 1875, and further regulating the jurisdiction of the circuit courts of the United States. 24 St. 552; 18 St. 470. The first section, among other things, specifies certain classes of suits of a civil nature of which those courts may take original cognizance, concurrent with the courts of the states. Among such suits are those involving controversies between citizens of different states. In respect to suits specified in that section, it is provided that the matter in

[1] See note at end of case, *post,* 633.

dispute, exclusive of interest and costs, shall exceed the sum or value of $2,000. The second section, which was evidently intended, though it is not so expressly declared, to take the place of the second section of the act of 1875,[1] provides, among other things, for the removal into the circuit court of the United States for the proper district, of certain classes of suits then pending or thereafter brought in a state court: (1) Suits of "a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section;" (2) "any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section." In respect to the latter class of civil suits, pending or thereafter brought in any state court, it is provided that they "may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state; and when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them, then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district." Immediately following is this clause, in the same section:

"And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause."

It is clear from the above clauses, construing them all together, that the right of removal, at any time before trial, on the ground of prejudice or local influence, is restricted, by the act of 1887, to suits in which there is a controversy between citizens of different states; also that such right, in suits of that character, involving no federal question, now belongs only to the defendant who is a citizen, or to the defendants who are citizens, of a state other than that in which the suit is brought. And I think it is equally clear that the right of removal on the ground of prejudice or local influence does not exist in any case unless the sum or value of the matter in dispute exceeds $2,000, exclusive of interest and costs. The clauses of the second section of the act of 1887, defining the different kinds of suits that may be removed, preserve the same element of the value of the matter in dispute as is found in the first section, relating to the original jurisdiction of circuit courts. This is done by the provision giving the right of removal in suits "of which the circuit courts of the United States are given original jurisdiction

[1] See note at end of case, *post*, 629.

by the preceding [first] section." As by the first section the circuit court may take original cognizance, concurrent with the state courts, of all suits therein described, where the matter in dispute, exclusive of interest and costs, exceeds $2,000, the clauses in the second section, giving the right of removal in suits "of which the circuit courts of the United States are given original jurisdiction by the preceding section," necessarily restricts the right of removal to suits in which the value of the matter in dispute, exclusive of interest and costs, exceeds the above amount.

It is, however, argued that, as the clause which specifies prejudice or local influence as an additional ground of removal in suits between citizens of different states, makes no mention of the value of the matter in dispute, the presumption is that congress intended to give the right of removal in cases of that kind without reference to such value. In this view I am unable to concur. The first clauses of section 2 describe, as to their subject-matter and the character of the parties, certain suits which may be removed from the state courts to the circuit courts of the United States, and, in the manner just indicated, attaches to the exercise of the right of removal the condition that the value of the matter in dispute shall exceed a named amount. The subsequent clause, relating to prejudice and local influence, does not describe a new class of suits, removable from the state courts, but only specifies a distinct ground for removing one class of the suits previously defined, namely, that class in which there is a controversy between citizens of different states. And that ground the defendant is at liberty to set up "at any time before the trial;" whereas, by the third section of the act, the right to remove, upon any other ground, will be lost, if not exercised at the time or before "the defendant is required by the laws of the state or the rule of the state court" in which the suit is brought "to answer or plead to the declaration or complaint of the plaintiff." The clause prescribing prejudice or local influence as ground for the removal of a suit "in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state," cannot well be separated, in the process of interpretation, from the preceding clause in the same section, which, by referring to the first section, requires as a condition of the removal of a suit because of diverse citizenship—the only kind of suit in which the existence of prejudice or local influence, as affecting the right of removal, is of any consequence—that the matter in dispute shall exceed in value $2,000, exclusive of interest and costs. If in such suits having the required amount in dispute it is made to appear to the circuit court that prejudice or local influence will prevent the defendant, who is a citizen of another state, from obtaining justice in the state courts, then the right of removal may be exercised "at any time before the trial." There is nothing in the previous legislation of congress to justify a different interpretation of the act of 1887 from the one the court now gives. When the right of removal on the ground of prejudice or local influence was conferred by the act of 1867, (14 St. 558,) congress attached the condition that the matter in dispute should exceed the sum of $500,—the amount

then required for the original jurisdiction of the circuit courts of the United States in suits between citizens of different states. That condition was continued in the Revised Statutes of the United States, (section 639;) and there is nothing in recent legislation to warrant the conclusion that congress intended to authorize the removal from a state court of a civil suit or controversy between citizens of different states, upon the ground of prejudice or local influence, when the same suit could not, because of the small value in dispute, have been brought in a circuit court of the United States.

The present application must be denied upon the further ground that it has not been "made to appear" to this court that the defendant will be unable to obtain justice in the state court. The act of 1887 makes a radical change in the previous law regulating the removal of causes from the state courts upon the ground of prejudice or local influence. Under the act of 1867, the provisions of which were preserved in the Revised Statutes, § 639, when the citizen of another state, whether plaintiff or defendant in a suit in a state court involving $500, exclusive of costs,— the other party being a citizen of the state in which the suit was brought,— filed in that court an affidavit, stating that he had reason to believe, and did believe, that on account of prejudice or local influence he could not obtain justice in such court, and offered good and sufficient surety to do certain specified things, the jurisdiction of the state court to proceed further in the suit immediately ceased; and upon the suit being formally entered in the circuit court of the United States, it became the duty of the latter court to proceed as if it had been brought therein by original process. Whether prejudice or local influence, preventing justice being done, really existed, was not left open by the act of 1867, or by the Revised Statutes, for investigation by the circuit court. In other words, the statute in force prior to the act of 1887 made the removal in cases of that character depend upon the filing of the necessary affidavit in the state court, and the giving there of the required bond. But under the act of 1887 neither affidavit nor petition is required to be filed in the state court, but it is to be "made to appear" to the circuit court, into which it is sought to remove the case, that, from prejudice or local influence, the defendant asking the removal will not be able to obtain justice in the state court. The statute does not prescribe how such fact is to be established; nevertheless, it is to be "made to appear" in some proper form to the circuit court. I think it competent for the circuit court to receive evidence upon the point by affidavits, or by depositions, or by means of an oral examination of witnesses in its presence. If the mere *ex parte* affidavit of an officer of a corporation, stating generally that from prejudice or local influence it cannot obtain justice in the state court, but not setting forth any facts of a definite character, is held to establish the right of removal, it is easy to perceive that the requirement that the existence of such prejudice or local influence shall be "made to appear" to the circuit court would be practically nullified. It seems to me that those words import a duty upon the part of the circuit court to investigate or examine the facts upon which an alleged inability to ob-

tain justice in the state court must rest. And although such investigation or examination is not required, by any express words of the statute, to be had upon notice to the party against whom the removal is asked, such notice will best accomplish the object which congress had in view. This interpretation is sustained by the clause in the second section, referring to cases pending in the circuit court at the time the act of 1887 was passed, or which were, after that date, entered therein, and were removed upon the plaintiff's affidavit as to prejudice or local influence. That clause makes it the duty of the circuit court, "on application of the other party," to "examine into the truth of said affidavit, and the grounds thereof," and to remand the case to the state court, "unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in such state court." It can hardly be supposed that the court in such cases must examine into the grounds of removal, and be satisfied that they really existed, while in cases sought to be removed by a defendant, after the passage of the act of 1887, its duty would be performed by ordering a removal, with no other basis for its action than an *ex parte* affidavit of prejudice or local influence made by a defendant, if a natural person, or by one of its officers, if a corporation. I am of opinion that congress did not intend to invest the circuit courts of the United States with authority to take cognizance of a case pending in a state court upon the ground of prejudice or local influence against the defendant, a citizen of another state, unless the circuit court, in some proper way, found as a fact that such prejudice or local influence existed. And the simple affidavit by an officer of a defendant corporation, stating in general terms that it cannot, from prejudice or local influence, obtain justice in the state courts,—no opportunity having been given to the plaintiff, by notice, to controvert such statement,—ought not to be accepted as sufficient evidence of that fact.

Upon both of the grounds hereinbefore stated the petition asking such orders as may be requisite to bring this case into the circuit court of the United States is denied.[1]

NOTE. Since this decision was rendered congress has passed an act (August 13, 1888) correcting the enrollment of the act of March 3, 1887, as it appears in 24 St. 552. By the last act it is made to appear expressly that the second section of the act of March 3, 1887, was intended to take the place of the second section of the act of March 3, 1875, (18 St. 470.) The act of August 13, 1888, is as follows:

"An act to correct the enrollment of an act approved March 3, 1887, entitled 'An act to amend sections 1, 2, 3, and 10 of an act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from the state courts, and for other purposes, approved March 3, 1875.'

"Be it enacted by the senate and house of representatives of the United States of America in congress assembled, that the act approved March 3, 1887,

---

[1] Similar petitions for removal were presented at the same time in the following cases pending in the courts of North Carolina: *H. M. Bennett and Wife* v. *Richmond and Danville Railroad Company; John Swift's Adm'rs* v. *Same; W. F. Stoner* v. *Same;* and *Henry H. Hayes* v. *Same,* (two cases.) They were all denied for the reasons stated in the foregoing opinion.

entitled 'An act to amend sections 1, 2, 3, and 10 of an act to determine the jurisdiction of the circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes, approved March 3, 1875,' be, and the same is hereby, amended so as to read as follows: ' Be it enacted by the senate and house of representatives of the United States of America in congress assembled, that the first section of an act entitled "An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes," approved March 3, 1875, be, and the same is hereby, amended so as to read as follows: That the circuit courts of the United States shall have original cognizance, concurrent with the courts of the several states, of all suits of a civil nature, at common law or in equity, where the matter in dispute exceeds, exclusive of interest and costs, the sum or value of two thousand dollars, and arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, or in which controversy the United States are plaintiffs or petitioners, or in which there shall be a controversy between citizens of different states, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid, or a controversy between citizens of the same state claiming lands under grants of different states, or a controversy between citizens of a state and foreign states, citizens, or subjects, in which the matter in dispute exceeds, exclusive of interest and costs, the sum or value aforesaid; and shall have exclusive cognizance of all crimes and offenses cognizable under the authority of the United States, except as otherwise provided by law, and concurrent jurisdiction with the district courts of the crimes and offenses cognizable by them. But no person shall be arrested in one district for trial in another in any civil action before a circuit or district court; and no civil suit shall be brought before either of said courts against any person by any original process or proceeding in any other district than that whereof he is an inhabitant, but, where the jurisdiction is founded only on the fact that the action is between citizens of different states, suits shall be brought only in the district of the residence of either the plaintiff or the defendant. Nor shall any circuit or district court have cognizance of any suit, except upon foreign bills of exchange, to recover the contents of any promissory note or other chose in action in favor of any assignee, or of any subsequent holder, if such instrument be payable to bearer, and be not made by any corporation, unless such suit might have been prosecuted in such court to recover the said contents if no assignment or transfer had been made. And the circuit courts shall also have appellate jurisdiction from the district courts, under the regulations and restrictions prescribed by law.'

"That the second section of said act be, and the same is hereby, amended so as to read as follows:

"'Sec. 2. That any suit of a civil nature, at law or in equity, arising under the constitution or laws of the United States, or treaties made, or which shall be made, under their authority, of which the circuit courts of the United States are given original jurisdiction by the preceding section, which may now be pending, or which may hereafter be brought, in any state court, may be removed by the defendant or defendants therein to the circuit court of the United States for the proper district. Any other suit of a civil nature, at law or in equity, of which the circuit courts of the United States are given jurisdiction by the preceding section, and which are now pending, or which may hereafter be brought, in any state court, may be removed into the circuit court of the United States for the proper district by the defendant or defendants therein, being non-residents of that state. And when in any suit mentioned in this section there shall be a controversy which is wholly between citizens of different states, and which can be fully determined as between them,

then either one or more of the defendants actually interested in such controversy may remove said suit into the circuit court of the United States for the proper district. And where a suit is now pending, or may be hereafter brought, in any state court, in which there is a controversy between a citizen of the state in which the suit is brought and a citizen of another state, any defendant, being such citizen of another state, may remove such suit into the circuit court of the United States for the proper district, at any time before the trial thereof, when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court, or in any other state court to which the said defendant may, under the laws of the state, have the right, on account of such prejudice or local influence, to remove said cause: provided, that if it further appear that said suit can be fully and justly determined as to the other defendants in the state court, without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said circuit court may direct the suit to be remanded, so far as relates to such other defendants, to the state court, to be proceeded with therein. At any time before the trial of any suit which is now pending in any circuit court, or may hereafter be entered therein, and which has been removed to said court from a state court on the affidavit of any party plaintiff that he had reason to believe, and did believe, that from prejudice or local influence he was unable to obtain justice in said state court, the circuit court shall, on application of the other party, examine into the truth of said affidavit and the grounds thereof, and, unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto. Whenever any cause shall be removed from any state court into any circuit court of the United States, and the circuit court shall decide that the cause was improperly removed, and order the same to be remanded to the state court from whence it came, such remand shall be immediately carried into execution, and no appeal or writ of error from the decision of the circuit court so remanding such cause shall be allowed.'

"That section three of said act be, and the same is hereby, amended so as to read as follows:

"'Sec. 3. That whenever any party entitled to remove any suit mentioned in the next preceding section, except in such cases as are provided for in the last clause of said section, may desire to remove such suit from a state court to the circuit court of the United States, he may make and file a petition in such suit in such state court at the time, or any time before the defendant is required by the laws of the state or the rule of the state court in which suit is brought to answer or plead to the declaration or complaint of the plaintiff, for the removal of such suit into the circuit court to be held in the district where such suit is pending, and shall make and file therewith a bond, with good and sufficient surety, for his or their entering in such circuit court, on the first day of its then next session, a copy of the record in such suit, and for paying all costs that may be awarded by the said circuit court if said court shall hold that such suit was wrongfully or improperly removed thereto, and also for their appearing and entering special bail in such suit if special bail was originally requisite therein. It shall then be the duty of the state court to accept said petition and bond, and proceed no further in such suit; and, the said copy being entered as aforesaid in said circuit court of the United States, the cause shall then proceed in the same manner as if it had been originally commenced in the said circuit court. And if in any action commenced in a state court the title of land be concerned, and the parties are citizens of the same state, and the matter in dispute exceed the sum or value of two thousand dollars, exclusive of interest and costs, the sum or value being made to appear, one or more of the plaintiffs or defendants, before the trial, may state to the

court, and make affidavit if the court require it, that he or they claim and shall rely upon a right or title to the land under a grant from a state, and produce the original grant, or an exemplification of it, except where the loss of public records shall put it out of his or their power, and shall move that any one or more of the adverse party inform the court whether he or they claim a right or title to the land under a grant from some other state, the party or parties so required shall give such information, or otherwise not be allowed to plead such grant or give it in evidence upon the trial; and if he or they inform that he or they do claim under such grant, any one or more of the party moving for such information may then, on petition and bond, as hereinbefore mentioned in this act, remove the cause for trial to the circuit court of the United States next to be holden in such district; and any one of either party removing the cause shall not be allowed to plead or give evidence of any other title than that by him or them stated as aforesaid as the ground of his or their claim.'

"'Sec. 2. That whenever in any cause pending in any court of the United States there shall be a receiver or manager in possession of any property, such receiver or manager shall manage and operate such property according to the requirements of the valid laws of the state in which such property shall be situated, in the same manner that the owner or possessor thereof would be bound to do if in possession thereof. Any receiver or manager who shall willfully violate the provisions of this section shall be deemed guilty of a misdemeanor, and shall, on conviction thereof, be punished by a fine not exceeding three thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court.

"'Sec. 3. That every receiver or manager of any property appointed by any court of the United States may be sued in respect of any act or transaction of his in carrying on the business connected with such property, without the previous leave of the court in which such receiver or manager was appointed; but such suit shall be subject to the general equity jurisdiction of the court in which such receiver or manager was appointed, so far as the same shall be necessary to the ends of justice.

"'Sec. 4. That all national banking associations established under the laws of the United States shall, for the purposes of all actions by or against them, real, personal, or mixed, and all suits in equity, be deemed citizens of the states in which they are respectively located; and in such cases the circuit and district courts shall not have jurisdiction other than such as they would have in cases between individual citizens of the same state. The provisions of this section shall not be held to affect the jurisdiction of the courts of the United States in cases commenced by the United States or by direction of any officer thereof, or cases for winding up the affairs of any such bank.

"'Sec. 5. That nothing in this act shall be held, deemed, or construed to repeal or affect any jurisdiction or right mentioned either in sections 641, or in 642, or in 643, or in 722, or in title 24 of the Revised Statutes of the United States, or mentioned in section 8 of the act of congress of which this act is an amendment, or in the act of congress approved March 1, 1875, entitled "An act to protect all citizens in their civil and legal rights."

"'Sec. 6. That the last paragraph of section 5 of the act of congress approved March 3, 1875, entitled "An act to determine the jurisdiction of circuit courts of the United States, and to regulate the removal of causes from state courts, and for other purposes," and section 640 of the Revised Statutes, and all laws and parts of laws in conflict with the provisions of this act, be, and the same are hereby, repealed: provided, that this act shall not affect the jurisdiction over, or disposition of, any suit removed from the court of any state, or suit commenced in any court of the United States, before the passage hereof, except as otherwise expressly provided in this act.

"'Sec. 7. That no person related to any justice or judge of any court of the

United States, by affinity or consanguinity, within the degree of first cousin, shall hereafter be appointed by such court or judge to, or employed by such court or judge in, any office or duty in any court of which such justice or judge may be a member.'"

NOTE.

REMOVAL OF CAUSES—PREJUDICE OR LOCAL INFLUENCE—ACT MARCH 3, 1887. The construction of the "prejudice or local influence" clause of the removal act of March 3, 1887, has given rise to a difference of opinion among the various courts, as will be seen from the following review of cases bearing upon that subject:

In the case of Fisk v. Henarie, 32 Fed. Rep. 417, DEADY, J., in delivering his opinion, says: "It was competent for congress to have authorized the removal of the case on the diverse citizenship of the parties alone. But it has seen proper to require in addition the oath of the applicant for removal that he believes he cannot obtain justice in the state tribunal, on account of prejudice or local influence. Any fact, the existence of which is made a condition precedent to the removal of a case, and which is also necessary to the jurisdiction of the circuit court, may be controverted by the party against whom such removal is had. But the proper mode of doing this is not by affidavits, but by a dilatory plea, in the nature of a plea to the jurisdiction, on which the question may be submitted to a jury for determination. But the affidavit of the defendants concerning their belief as to their ability to obtain justice in the state tribunals is not a jurisdictional matter, but only a condition precedent to their right of removal. * * * And in my judgment, when such affidavit is made and filed in the manner and terms prescribed by the statute, the condition is performed, and the truth of the matter is not open to question." He also says that it is sufficient for defendants to make oath that they believe they cannot obtain justice in the state courts because of prejudice and local influence, without setting forth the facts or circumstances on which such belief is founded. The ruling in this case is expressly disapproved of in Short v. Railway Co., 34 Fed. Rep. 225, where it is held that the act of 1887, with respect to prejudice and local influence, was intended to supersede entirely the act of 1867, under which act the filing of an affidavit by either plaintiff or defendant, stating that affiant had reason to believe and did believe that from prejudice or local influence he would not be able to obtain justice in the state court, was sufficient to warrant a removal; BREWER, J., in the latter case, ruling that an affidavit by a defendant in conformity to the act of 1867 is insufficient under the act of 1887, and, after quoting the clause of the latter act bearing upon the subject, says: "It is not given to the party upon his conscience to say he believes, or has reason to believe, that such prejudice exists, and thereby become entitled to a removal; but there is a question of fact which the circuit court must determine, and it cannot order the removal until it appears that such prejudice or local influence exists." He, however, intimates *obiter* that "an affidavit alleging in plain and unequivocal terms that such local prejudice does exist, and that a fair trial cannot be had, would entitle the party to a removal," if the truth of such affidavit is not challenged, but says that the party opposing may come in and traverse the allegation of prejudice the same as any other averment of fact.

In Hills v. Railroad Co., 33 Fed. Rep. 81, NEWMAN, J., rules in accordance with the holding in Fisk v. Henarie, *supra*, that the law as it formerly existed in regard to removals sought by defendants, on the ground of local prejudice, is not changed by the act of 1887. The decision of Fisk v. Henarie is affirmed in 35 Fed. Rep. 230, on motion for new trial, and DEADY, J., takes issue with the ruling in Short v. Railway Co., *supra*, and says: "In fact, the difference between saying, 'I believe I cannot get justice in the state court on account of prejudice and local influence,' and 'I cannot get justice in the state court,' etc., without saying whether I believe it or not, in my humble opinion is the difference between tweedledum and tweedledee."

Where defendants file an affidavit for removal under the local prejudice clause of the act of 1887, a plea by plaintiffs simply denying defendant's belief in the existence of such prejudice or local influence is insufficient, and raises no issue on that question. In order to do so, the plea should affirm that no such prejudice or local influence exists. County Court of Taylor Co. v. Railroad Co., 35 Fed. Rep. 161. The affidavit for removal under this clause should be made by the party in person, if a natural person, and a removal cannot be had upon an affidavit made by his attorney, agent, or other person in his behalf. Duff v. Duff, 31 Fed. Rep. 772.