## AMY v. MANNING.

*(Circuit Court, S. D. New York. April 16, 1889.)*

REMOVAL OF CAUSES—LOCAL PREJUDICE—REQUISITES OF APPLICATION.
Under act Cong. March 3, 1887, providing for the removal of controversies between citizens of different states on the application of a defendant when it shall be "made to appear" that a fair trial cannot be had in the state court wherein the action is pending, or in any other to which it may be removed under the state law, it is not sufficient that defendant swears positively that such prejudice, etc., exists so as to render a fair trial in any state court impossible, without showing the facts on which the averment is based, as the act mentioned is a substitute for the act of 1867, which only required the belief of the applicant in such prejudice to be shown.

*Philip Carpenter*, for petitioner.

LACOMBE, J. This is an application for a *certiorari* upon a petition and affidavit, stating that defendant "has reason to believe, and does believe, that from prejudice and local influence he will not be able to obtain justice in the state court in which the action is brought, or in any other state court to which he may able to remove the action." Defendant seeks to remove the cause from the supreme court of the state into this court. The question whether, since the passage of the act of March 3, 1887, he is entitled to do so upon an affidavit such as that now submitted, has been the subject of judicial consideration in several cases. *Fisk* v. *Henarie*, 32 Fed. Rep. 417; *Hills* v. *Railroad Co.*, 33 Fed. Rep. 81; *Short* v. *Railroad*, Id. 114; *Whelan* v. *Railroad Co.*, 35 Fed. Rep. 849; *Southworth* v. *Reid*, 36 Fed. Rep. 451; *Huskins* v. *Railway Co.*, 37 Fed. Rep. 504. In the Fifth, Sixth, and Ninth circuits it has been held that a defendant can remove his cause on such an affidavit. In the Seventh and Eighth circuits it has been held that he cannot. I concur in the views expressed by Judge BREWER in *Short* v. *Railroad*, that the act of 1887 with respect to prejudice and local influence, was intended to supersede entirely the act of 1867, and to plant the matter upon a new basis; and that before a removal can be had on the ground of prejudice or local influence there must be shown to the circuit court of the United States the existence of such prejudice or local

influence. The affidavit in the case at bar is open to the same objection as that which was considered by Judge BREWER. It makes nothing apparent to the circuit court save that the defendant believes he will be prejudiced, which, under the phraseology of the new statute,—materially changed as it is from the act of 1867,—is not sufficient.

### ON SECOND APPLICATION. (April 18, 1889.)

LACOMBE, J. The defendant since the filing of decision on April 16th, has presented another affidavit made by himself, in which he says that from prejudice and local influence he will not be able to obtain justice in the supreme court of New York in New York county, or in any other state court to which he may under the laws of the state have the right on account of such prejudice or local influence to remove the cause, and adds "I state unqualifiedly that such prejudice and local influence actually exists so that a fair trial cannot be had in the state court."

Being satisfied (as indicated in the memorandum filed on the 16th) that the act of 1887 effected a radical change in the procedure for removal, I fail to see that the affidavit now filed is sufficient to "make it appear" to this court that defendant cannot obtain justice in the state courts especially in view of the provisions of section 987 of the New York Code of Civil Procedure, authorizing a change of the place of trial wherever there is reason to believe that an impartial trial cannot be had in the proper county. See *Southworth v. Reid,* 36 Fed. Rep. 453.