P. SCHWENK & CO. v. STRANG et al.

(Circuit Court of Appeals, Eighth Circuit. December 4, 1893.)

No. 313.

1. REMOVAL—LOCAL PREJUDICE—AFFIDAVITS.
    A removal should not be granted, under the act of 1887-88, upon an ex parte affidavit, merely alleging the existence of local prejudice, without stating any facts tending to show it.

2. SAME—NOTICE.
    Parties to be affected by the removal should have reasonable notice of the application, and opportunity to contest it.

Appeal from the Circuit Court of the United States for the District of Nebraska.

In Equity. Suit commenced in a state court by P. Schwenk & Co. against A. L. Strang, A. L. Strang & Co., the Norfolk Waterworks Company, J. H. Millard, the Omaha National Bank, the Shickle, Harrison & Howard Iron Company, and C. G. Miller. The cause was removed to the United States circuit court on the ground of local prejudice, and the complaint was afterwards dismissed. Complainant appeals. Reversed.

H. C. Brome and R. A. Jones, for appellant.

Before CALDWELL and SANBORN, Circuit Judges.

CALDWELL, Circuit Judge. This action was commenced in the district court of Madison county, Neb. The defendant the Shickle, Harrison & Howard Iron Company filed its petition in the circuit court of the United States for the district of Nebraska for the removal of the suit to that court on the ground of prejudice and local influence. The petition and affidavit for removal make only this averment in relation to the alleged prejudice and local influence:

"Affiant further says that on account of prejudice and local influence the said petitioner will not be able to obtain justice in the said district court of Madison county, in the state of Nebraska, or in any of the said courts in the state of Nebraska to which, on account of local influence or prejudice, the said defendant may, under the laws of the state of Nebraska, have a right to remove said cause, and that if said cause be tried in the district court of said Madison county, Neb., or in any other district court of the said state of Nebraska, said petitioner is liable to suffer pecuniary loss and damage on account of such prejudice and local influence."

Upon this showing, and without notice to the plaintiff or the other defendants, the circuit court entered an order removing the cause into that court. Afterwards, the plaintiff appeared in the circuit court, and filed affidavits denying that there was any prejudice or local influence against the defendant, and moved to remand the cause to the state court, which motion was overruled.

The question presented for our consideration is whether the showing made in the affidavit filed by the defendant warranted the circuit court in removing the cause from the state court. The affidavit states only a conclusion. Not a fact is stated, from which prejudice or local influence could be inferred. It is not shown that any officer or agent of the defendant was ever in the county or

state, or that a single citizen of the county or state ever heard of the existence of the company, or that the plaintiff is popular or influential in the county, or favorably known, or known at all, to the people of the county. In a word, the affidavit does not contain a hint of any fact or circumstance from which any court could say that it had been made to appear that, from prejudice or local influence, the defendant would not be able to obtain justice in the state court. The grounds upon which the affiant arrived at the conclusion to which he swears are not disclosed. His residence is not disclosed. It does not appear that he ever was in Madison county, or knows a single citizen of the county, or knows anything about the sentiments and feelings of the people of the county towards the plaintiff or the defendant. If he had stated the facts upon which he founded his conclusions, the court could then have determined whether his deductions were sound.

It not unfrequently occurs, as every judge who has had much experience on the circuit knows, that affidavits like the one under consideration are filed when it is perfectly obvious that the only prejudice that has any existence in fact is the prejudice of the affiant against the people of the county, of whom he knows nothing, and whose impartiality and fairness he impeaches without the slightest foundation of fact. Instances are not wanting where such affidavits had no better foundation than an earnest desire on the part of the defendant to harass and delay the plaintiff in his suit. It was the knowledge of these facts that induced congress to change the law on this subject. Under the statute in force prior to the present act, the removal of a cause from the state to the federal court upon the ground of prejudice or local influence was effected by simply filing an affidavit in the state court stating that the party "has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in such state court." Rev. St. U. S., § 639. No inquiry into the truth of the affidavit was permissible. Under the act of 1887 the application for the removal on the ground of prejudice or local influence must be addressed to the circuit court; and the language of the act is that, "when it shall be made to appear to the said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court," etc. It will be observed that this act does not provide, as did the act of 1867, that the cause shall be removed upon filing an affidavit alleging in general terms the existence of prejudice or local influence. Nothing at all is said about an affidavit. The requirement is that, "when it shall be made to appear" to the circuit court that from prejudice or local influence the defendant will not be able to obtain justice in the state court, etc.

How must this fact be made to appear? Obviously, in some of the recognized modes by which facts are proved in courts of justice. It is not made to appear by the simple declaration in an ex parte affidavit that it does exist. That declaration proves nothing, and is evidence of nothing but the opinion of the affiant, and the issue is not one to be determined by the opinion of an expert. An opin-

ion or conclusion expressed in an ex parte affidavit, which does not disclose the facts upon which the conclusion is founded, has no probative force. The court cannot abdicate its functions, and transfer to the maker of such an affidavit the high duty imposed upon it by law, of judging after inquiry and deliberation. The judicial faculty cannot be farmed out in this manner. Before the court can remove the cause, it must be made to appear that the fact exists upon which the right to the removal depends. The statute contemplates a judicial inquiry into the alleged fact. The court must take the responsibility of determining and adjudging judicially that prejudice exists, before it can order the removal. Its judgment on this question must be reached by the customary and approved judicial methods.

An ex parte affidavit, which states no fact, but simply the affiant's opinion or conclusion, is sometimes made sufficient by statute for certain purposes. The act of 1867 is an example of such a statute. But in the absence of a statute such an affidavit ought not to be accepted as satisfactory evidence of the existence of any fact upon which the judgment of a court is to rest. When the court is charged with the duty, as it is under the act of 1887, of ascertaining and determining for itself the existence or nonexistence of prejudice or local influence, it ought not to accept an ex parte affidavit, such as was filed in this case, as sufficient evidence, or indeed as any evidence, on the point. To give effect to such an affidavit is practically to nullify the act of 1887, and revive the act of 1867. The question should be determined by the court as it would determine any other issue of fact arising in the progress of the case, affecting the rights of the parties to the suit. The parties to be affected by the action of the court should have reasonable notice of the application for removal, and an opportunity to contest it. When notice to the party adversely interested is practicable, the court should not, in any case, rest its judgment on a mere ex parte showing. Such hearings are often deceptive and misleading, and for this reason are not favored. When the court comes to act upon the application, it may receive evidence upon the point by affidavits which state facts, or by depositions, or by oral examination of witnesses.

The conclusion we have reached is supported by the opinion of Mr. Justice Harlan in Malone v. Railroad Co., 35 Fed. 625. That case is cited approvingly by the supreme court in Re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, and in Fisk v. Henarie, 142 U. S. 459, 468, 12 Sup. Ct. 207. In the last case cited, Mr. Chief Justice Fuller, speaking for the court, said:

"The prejudice or local influence must be made to appear to the circuit court; that is, the circuit court must be legally satisfied, by proof suitable to the nature of the case, of the truth of the allegation that by reason of those causes the defendant will not be able to obtain justice in the state courts. * * *"

The judgment of the circuit court is reversed, and the cause remanded, with directions to that court to remand the same to the state court from which it was removed.