# CASES

## ARGUED AND DETERMINED

### IN THE

# UNITED STATES CIRCUIT COURTS OF APPEALS AND THE CIRCUIT AND DISTRICT COURTS.

---

### CROTTS v. SOUTHERN RY. CO.

#### (Circuit Court, W. D. North Carolina. October 19, 1898.)

1. REMOVAL OF CAUSES—LOCAL PREJUDICE—DISCRETION OF COURT.
   The amount and manner of proof required to authorize the removal of a cause on the ground of local prejudice under the acts of 1887 and 1888 must be left to the discretion of the court passing on the application, and after the term has expired at which an order of removal on such ground was made it cannot be reviewed, and the cause remanded, on the ground that the showing was insufficient.[1]

2. SAME—NOTICE OF APPLICATION.
   No notice to the adverse party of an application to the circuit court for an order of removal is required.

On Motion to Remand.

Bynum, Bynum & Taylor, for plaintiff.
Charles Price, for defendant.

SIMONTON, Circuit Judge. The plaintiff, W. O. Crotts, began his action against the Southern Railway Company in the superior court of Randolph county, in the state of North Carolina. Thereupon the defendant filed its petition before this circuit court of the United States for removal into this court on the ground of local prejudice. The petition in the record is accompanied by the following affidavit:

"G. F. Bason, being duly sworn, says that he is one of the attorneys for the defendant in the above-entitled cause; that he has reason to believe, and does believe, that from prejudice and local influence the defendant will not be able to obtain justice in the superior court of the state of North Carolina for the county of Randolph, or in any other state court to which the said defendant, your petitioner, may, under the laws of the said state, have the right, on account of such prejudice and local influence, to remove said cause; that the grounds for such belief are, among others, that there is a great prejudice in the said county of Randolph, and the other counties adjoining thereto, to which your petitioner might, under the laws of the state, have the right to remove this cause, against the said defendant, the Southern Railway Company; that said prejudice has existed for a number of years,

---

[1] As to removal of causes on the ground of prejudice or local influence, see note to Schwenk & Co. v. Strang, 8 C. C. A. 95.

90 F.—1

and does exist at this time, to such an extent as to make it impossible for the defendant to obtain a fair trial in the said superior court of the county of Randolph."

Thereupon the court made the following order in granting the prayer for removal:

"This cause coming on to be heard upon the petition, affidavit, and bond filed herein by defendant under the provision of the acts of congress of the United States, and being heard, and it appearing to the court that the petitioner, the Southern Railway Company, cannot, on account of prejudice and local influence, obtain justice in the superior court of Randolph county, state of North Carolina, where the cause is now pending, it is now, on motion of G. F. Bason, attorney for the defendant, Southern Railway Company, considered and adjudged that the bond filed by the defendant be approved, and that the clerk of this court certify to the said superior court of Randolph county a copy of said petition, affidavit, bond, and of this order filed herein, to the end that the said superior court may proceed no further in this action, and that this action be removed to the circuit court of the United States for the Western district of North Carolina, at Greensboro, North Carolina, and that the clerk of the said superior court of Randolph county certify to this court a transcript of the proceedings in this cause."

The application was wholly ex parte. The plaintiff at this term entered his motion to remand the cause. This motion has been heard. It is not accompanied by any affidavits or evidence. It is based wholly upon the insufficiency of the affidavit presented to the court to secure the removal sought. Were the petition and affidavit presented now for the first time to this court, a very different question would be presented than that now before it. The act of congress of 1887–88 changed the law materially as to removal of causes on account of local prejudice. As the law prevailed before that act, the party desiring removal on this ground was required to file his affidavit that he could not get justice in the state court by reason of the existence of local prejudice. Upon the filing of this affidavit, without more, the order of removal was granted. The act requires an affidavit stating that the affiant has reason to believe, and does believe, that from prejudice or local influence he will not be able to obtain justice in the state court. Rev. St. § 639. An affidavit following the words of the statute was sufficient. The facts and circumstances need not be stated. Fisk v. Henarie, 32 Fed. 421. The act of 1887–88 repealed this section entirely. Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207; Whelan v. Railroad Co., 35 Fed. 849. This act of 1887–88 does not prescribe how the existence of prejudice or local influence must be shown. The language of the act is, "When it shall be made to appear to the said circuit court that from prejudice or local influence he will not be able to obtain justice in the state court." The meaning of the words, "shall be made to appear to the said circuit court," has been the subject of repeated adjudication in the circuit courts of the United States, and has been discussed in the supreme court. There can be no doubt that it must be made to appear to the legal satisfaction of the court; not that it be morally satisfied. In re Pennsylvania Co., 137 U. S. 457, 11 Sup. Ct. 143. There has been some difference of opinion as to what kind of proof is necessary to create such legal satisfaction. It is clear that an affidavit stating that affiant has reason to believe,

and does believe, that such local prejudice exists, is not sufficient for this purpose.    Hakes v. Burns, 40 Fed. 33; Short v. Railway Co., 34 Fed. 226.    In this case Judge Brewer seemed to think that a positive affirmation of the existence of such local prejudice would be sufficient. But the great preponderance of authority is against this latter conclusion.    Southworth v. Reid, 36 Fed. 451; Amy v. Manning, 38 Fed. 536;  Hall v. Agricultural Works, 48 Fed. 599;  Niblock v. Alexander, 44 Fed. 306;  Schwenk & Co. v. Strang, 8 C. C. A. 92, 59 Fed. 209, and 19 U. S. App. 300;  Malone v. Railroad Co., 35 Fed. 625 (a case in this circuit by Justice Harlan).    And this is evidently the opinion of the supreme court as announced by Bradley, J., in Re Pennsylvania Co., supra:  "Legal satisfaction requires some proof suitable to the nature of the case;  at least an affidavit of a credible person, and a statement of facts in such affidavit which sufficiently evince the truth of the allegation."    So, if this matter came up for the first time before this court, presented and sustained only with what is in this record, the petition and affidavit, the course indicated by the cases quoted would be followed, and the removal, probably, would be refused.    But that is not the question.    The matter has been already before this court, presented to it, considered by it, and acted upon.    And it was made to appear to the court then that local prejudice does exist, justifying removal.    The term having expired during which the order of removal was granted, this order cannot be reviewed or canceled by the judge then presiding, even were he sitting here.    Nor can the court now review and reverse his decision.    The amount and manner of the proof required in each case, says Mr. Justice Bradley, must be left to the discretion of the court itself.    In re Pennsylvania Co., supra.    In the present case the court exercised this discretion, and distinctly declares that it appears to the court that the petitioner, the Southern Railway Company, cannot, on account of prejudice and local influence, obtain justice" in the state court.    Were this cause now to be remanded, the court could do so only because of error in the former order of this court.    It has no such supervising power.

It has been urged that the removal in this cause was granted ex parte, without any notice whatever to the plaintiff.    No such notice was necessary.    Reeves v. Corning, 51 Fed. 774;  Adelbert College v. Toledo, W. & W. Ry. Co., 47 Fed. 836.    The case of Schwenk & Co. v. Strang, supra, is, on this point, obiter dictum.    The motion to remand is refused.