## ELLISON v. LOUISVILLE & N. R. CO.[1]

### (Circuit Court of Appeals, Sixth Circuit. February 4, 1902.)

### No. 1,001.

REMOVAL OF CAUSES—LOCAL PREJUDICE—EX PARTE ORDER—CONCLUSIVENESS.

Act March 3, 1887, provides that where a suit is pending or is thereafter brought in a state court, in which there is a controversy between a citizen of the state and of another state, the latter may remove the suit to the federal circuit court "when it shall be made to appear to said circuit court that from prejudice or local influence he will not be able to obtain justice in such state court," etc. The next following clause declares that at any time before the trial of any suit removed into the circuit court on the affidavit of any party plaintiff of prejudice and local influence, the circuit court shall, on the application of the other party, examine into the truth of said affidavit, and, unless it appears to the court's satisfaction that he cannot obtain justice in the state court, it shall remand the suit. *Held* that, where an order of removal was obtained by a defendant without notice to plaintiff, it was error for the circuit court to refuse to permit plaintiff to seasonably thereafter contest the allegations of the petition on which the order was made, and to show that no prejudice or local influence existed.

In Error to the Circuit Court of the United States for the Eastern District of Tennessee.

This is an action brought by the plaintiff in error against the Louisville & Nashville Railroad Company in the circuit court of Campbell county, Tenn., to recover damages for personal injuries sustained by him from the alleged negligence of the company while he was in its employ as a brakeman. Before the case came on for trial the defendant obtained an order, under the provisions of the act of March 3, 1887, regulating the removal of causes from state courts, for its removal into the circuit court of the United States upon a petition presented to the judge of the circuit court of the United States, setting forth that from prejudice and local influence he would not be able to obtain a fair and impartial trial or to obtain justice in said state court, or in any other state court to which the petitioner might, under the laws of said state, have the right, on account of such prejudice and local influence, to remove the same. The petition contained a statement of facts tending to support his allegation of the ground on which he prayed the removal, and was sworn to. The order of removal was made ex parte. A proper bond was tendered and accepted. Upon the filing of the transcript in the circuit court of the United States the plaintiff filed an answer to the petition for removal, in which he denied that the defendant would not be able to obtain a fair and impartial trial in the state court, denied the existence of any prejudice or local influence which would affect the trial, and denied each of the particular statements of fact alleged in the petition to prove the existence of prejudice and local influence; and the answer prayed that the matter might be inquired into by the court, and that the cause might be remanded to the state court. This answer was sworn to by the plaintiff. Thereupon, as the record states, the plaintiff "moved the court to remand the cause to the state court, and in support of said motion asked

[1]Removal of causes for prejudice or local influence, see note to P: Schwenk & Co. v. Strang, 8 C. C. A. 95.

leave to introduce evidence to controvert the statements of the petition by affidavits, oral testimony, or depositions, as the court may direct; and the defendant, by its attorney, objecting to the introduction of any evidence, but insisting that the order of removal by the circuit court judge 'was final, it was adjudged by the court that the application of the plaintiff be dismissed, and the motion to remand overruled. To which action of the court the plaintiff excepted." The case was subsequently brought on for trial before the court and a jury. At the conclusion of the evidence, the court being of opinion that the plaintiff had failed to make out a case justifying a recovery, instructed the jury to render a verdict for the defendant, which was done. Judgment having been entered thereon, the plaintiff brings the case here on writ of error.

H. H. Ingersoll, for defendant in error.

Before DAY and SEVERENS, Circuit Judges, and WANTY, District Judge.

SEVERENS, Circuit Judge, having made the foregoing statement of the case, delivered the opinion of the court.

In view of the conclusion to which we feel compelled, in respect to the action of the court below upon the application of the plaintiff for leave to controvert the allegations of fact contained in the petition for removal, we shall deal with that question only. Doubtless it is right to presume that the circuit court, in refusing to hear evidence controverting the truth of the matters stated in the petition for removal, felt controlled by the authority of certain decisions made in the circuit courts of this circuit soon after the passage of the act of March 3, 1887 (corrected in 1888), relative to the jurisdiction of the circuit courts of the United States upon original process, as well as upon removal from the state courts. Prominent among those decisions is that of Judge Jackson (then circuit judge, and later a justice of the supreme court) in Whelan v. Railroad Co. (C. C.) 35 Fed. 849, where the subject was fully discussed by that able judge, and the conclusion reached that an order of removal made by the court upon the ground of prejudice or local influence, though ex parte, and upon the bare allegation of the general fact, was final, and could not thereafter be disturbed by disputing the truth of the evidence on which the court had acted. That decision was followed, and a like ruling made, by Judge Key in Huskins v. Railway Co. (C. C.) 37 Fed. 504, 3 L. R. A. 545, and Judge Jackson later on reiterated his position in Adelbert College of Western Reserve University v. Toledo, W. & W. R. Co. (C. C.) 47 Fed. 836. The question involved has never reached this court for determination until now, but the ruling of Judge Jackson has been followed by the judges holding the circuit courts in this circuit; not always with entire conviction of its soundness, but in deference to his official rank and distinction as a jurist, and from a sense of the respect due to the decision of a court of co-ordinate authority. In these circumstances it becomes our duty to exercise our own judgment, and to determine the question upon those reasons which appear to us to be the most cogent and satisfactory. If the reasons were balanced, we should, of course, adopt the construction of the statute which has prevailed. But upon an attentive consideration we are constrained to think the construction adopted in the Whelan Case is not correct,

and fails to promote the purpose of the law. Under the statute of 1867, which had previously been in force, the suit was removable upon the sworn statement of the removing party that on account of prejudice and local influence he could not, as he believed, obtain justice in the state court. The condition was that he should pledge his own belief under oath to the fact. This, of course, afforded an easy road into the federal court for cases not within the intention of the law, not only to the unscrupulous, but to honest people needlessly anxious about their suits. The petition under that act was presented to the state court, and if it was in due form involved no inquiry. By the act of 1887 the test of the right to remove is made to consist of the fact of the existence of such prejudice and local influence as would prevent a fair and impartial trial. It is through an investigation in respect to the truth of that fact that it is "made to appear." The procedure to effect the removal is no longer merely formal, but an inquiry is enjoined. And in order that it may be conducted by a court charged with a duty to stop at the threshold any improper invasions of its jurisdiction, as well as to make sure of an impartial decision, the inquiry is committed to the federal court. The solicitude of congress to keep out of the courts of the United States all causes not properly cognizable there had already been manifested by the act of March 3, 1875, where, by the fifth section thereof, it was prescribed:

"That if, in any suit commenced in a circuit court, or removed from a state court to a circuit court of the United States, it shall appear to the satisfaction of said circuit court, at any time after such suit has been brought or removed thereto, that such suit does not really and substantially involve a dispute or controversy properly within the jurisdiction of said circuit court, or that the parties to said suit have improperly or collusively made or joined, either as plaintiffs or defendants, for the purpose of creating a case cognizable or removable under this act, the said circuit court shall proceed no further therein, but shall dismiss the suit or remand it to the court from which it was removed, as justice may require."

Then further, by the clause next following,—the paragraph now under consideration,—provision is made that:

"At any time before the trial of any suit which is now pending in any circuit court or may hereafter be entered therein, and which has been removed to said court from a state court on the affidavit of any party plaintiff that he had reason to believe, and did believe, that, from prejudice or local influence he was unable to obtain justice in said state court, the circuit court shall, on application of the other party, examine into the truth of said affidavit and the grounds thereof, and unless it shall appear to the satisfaction of said court that said party will not be able to obtain justice in such state court, it shall cause the same to be remanded thereto."

These three provisions are cogent evidence of the purpose of the legislative department to exact careful scrutiny on the part of the circuit courts of the grounds upon which litigants seek the determination of their controversies in those courts. It is not material now to inquire into the distinction which may exist in some of these provisions between those things which are of the essence of jurisdiction and those which relate to the method of procedure, for in the case with which we have to deal the question was seasonably presented, and we are required to consider the correctness of the

;method pursued. The method of procedure to obtain the removal of the suit on the ground of prejudice or local influence is not prescribed. We agree with Judge Jackson's proposition in the Whelan Case that "in conferring the right congress certainly intended that some process for its exercise should be within the reach of the party so entitled." We think, also, that it was likewise intended that whatever process should be adopted it should afford opportunity to the other party to be heard, and, above all, that the sources of evidence which would enable the court to determine the question committed to it should not be foreclosed by the act of the party resorting to such process. The learned judge went on to say, "We think the method of procedure for effectuating the right so conferred by said clause may be found in the two paragraphs of section 639, Rev. St., which succeed the third subdivision of said section," which he held were not in conflict with the act of 1887, and therefore not repealed by it, and furnished, as he thought, "the proper and appropriate remedy to be employed by the party seeking a removal, and in making it 'appear to said circuit court that from prejudice or local influence' he will not be able to obtain justice in the state courts." It has since been held, however, by the supreme court in Fisk v. Henarie, 142 U. S. 459, 12 Sup. Ct. 207, 35 L. Ed. 1080, that subdivision 3 of section 639 was repealed by the act of 1887; and, considering the difference between a removal simply upon the filing of a petition averring the belief of the petitioner and a removal allowed upon the finding of the fact by the court, it seems manifest that the procedure in the former case would be altogether inadequate in the latter, for it would involve an abandonment of the duty of the court.

It was further suggested in the Whelan Case that it was quite unusual to require a trial of mere modal requirements in the exercise of jurisdiction. But, as we have already indicated, we think that here was something more than a formal requirement. That cannot be regarded as modal merely which involves the necessity of judicial inquiry. Moreover, in the immediate context with the provision for removal on account of prejudice or local influence, in section 2 of the act of 1887 is a provision in regard to pending cases which would not be satisfied by anything short of an investigation, and it is difficult to find any good reason for instituting a different rule in the one case from that applicable in the other. We have no doubt the purpose was to extend the provision for future removals, which congress was enacting, to pending cases. Again, it is said that there is no express requirement in this clause of the statute that notice shall be given to the other party by the party seeking the removal. So neither does that clause which applies to pending causes. But we think no one would doubt that in the latter case notice to the adverse party is implied, and, as the reasons are the same, it would seem that it is likewise implied in the former case that notice should be given of the application, or that its equivalent be given by affording to the adverse party an opportunity to contest the ex parte showing, if the court has already thought proper to allow the order of removal upon such showing. The substantial object would be attained in either case. We do not decide whether it is legally com-

petent for the court to act upon a sworn statement, positively made, that such a state of things as the statute contemplates exists; but certainly a more particular statement of facts tending to support the averment would be more satisfactory. We agree with Judge Jackson's opinion expressed in the later case of Adelbert College of Western Reserve University v. Toledo, W. & W. R. Co. (C. C.) 47 Fed. 836, that "it would, perhaps, be the better practice to give the opposite party notice of the application to remove before action thereon by the court." But to what end if he is not to be heard? This would seem to be the more orderly course. Otherwise the order, though made ex parte, will stand unless challenged.

Another objection made in the Whelan Case to the proposed construction of the statute is that "it would involve on the part of the court the exercise of the most unseemly and indelicate functions and duties, which could not fail to excite jealousies and create hostilities against the federal judiciary, and disturb that comity and respectful consideration which should ever exist between the courts of the United States." But that objection, if valid, goes to the whole scheme of permitting the removal of cases upon this ground under the act of 1887. Unless the exercise of the duty devolved upon the court is perfunctory merely, it necessarily involves the agitation of the question of the existence of facts which will prevent a fair and impartial trial in the state courts. However delicate this duty may be, it is one that may not be avoided, but must be discharged to the full measure of the obligation imposed. Thus it has been held that the "prejudice or local influence" meant by this act might be that which would be likely to affect the judges of the state courts, and such a question was presented in City of Detroit v. Detroit City Ry. Co. (C. C.) 54 Fed. 1. Another instance in which the duty of inquiry is cast upon the court, and that without any specification of the mode to be adopted, is contained in the proviso to the section under consideration, wherein it is declared "that if it further appear that said suit can be fully and justly determined as to the other defendants in the state court without being affected by such prejudice or local influence, and that no party to the suit will be prejudiced by a separation of the parties, said circuit court may direct the suit to be remanded, so far as relates to such other defendants, to the state court, to be proceeded with therein." Here, again, the question whether the other defendants can obtain a just determination in the state court without being affected by prejudice or local influence is presented, and the court must hear the parties concerned upon evidence in some form calculated to enable the court to decide the matter. This must take place after the case has been removed, for there could not be a "remand" of a case until it is removed; and it seems incredible that the court should be required to make its determination upon the original showing, which relates merely to a prejudice or local influence unfavorable to the removing party. It is said that such a course involves the trial of innumerable issues, —a proposition which seems overdrawn; but the questions which the statute, in plain language, suggests must be decided by judicial

methods, and cannot be put by, because they impede the investigation of the merits.

The only case in which the supreme court has considered this subject is In re Pennsylvania Co., 137 U. S. 451, 11 Sup. Ct. 141, 34 L. Ed. 738, which was a proceeding in mandamus to comp ' the circuit court to take jurisdiction of a cause which had been remanded to the state court by the circuit court, into which it had been removed, on the ground of prejudice and local influence, by an order of the state court. On the filing of the transcript the removing party filed in the circuit court another petition for removal, and an affidavit renewing the allegation of prejudice and local influence, and stating certain facts in proof thereof. On motion of the other party the cause was remanded to the state court. The new showing made in the circuit court seems to have been treated for the purposes of decision in the supreme court as the equivalent of an original application for an order of removal. The supreme court held that it had no authority to award the mandamus, but further took occasion to say, in regard to the question, "how must it be made to appear that from prejudice or local influence the defendant will not be able to obtain justice in the state court?" that "the court must be legally (not merely morally) satisfied of the truth of the allegation that from prejudice or local influence the defendant will not be able to obtain justice in the state court. Legal satisfaction requires some proof suitable to the nature of the case." The opinion then goes on to instance what might be required as sufficient proof, and concludes the topic as follows: "If the petition for removal states the facts upon which the allegation is founded, and that petition is verified by a person or persons in whom the court has confidence, this may be regarded as prima facie sufficient to satisfy the conscience of the court. If more should be required by the court, more should be offered." We are not quite clear as to the significance of the words "prima facie" intended by the learned justice. Usually they point to a possible refutation, and probably that was the sense intended, for he is speaking of an ex parte showing. At all events, there is nothing in the opinion which gives countenance to the idea that the court may shut out proof that the showing on which it has acted is false, if seasonably tendered.

So far as we know, the case of Schwenk v. Strang, 59 Fed. 209, 19 U. S. App. 300, 8 C. C. A. 92, in the Eighth circuit, is the only one in which the subject has been considered in the circuit courts of appeals. In that case it was held that an ex parte affidavit merely alleging the existence of prejudice and local influence, without stating any facts tending to show it, was not sufficient to justify a removal; and it was further held that the party to be affected by the removal should have reasonable notice of the application, and opportunity to contest it. In its opinion the court said:

"The statute contemplates a judicial inquiry into the alleged fact. The court must take the responsibility of determining and adjudging judicially that prejudice exists before it can order the removal. Its judgment on this question must be reached by the customary and approved judicial methods."

There are many reported decisions of the circuit courts upon different aspects of the main question, and they are conflicting. Apparently, the majority of them hold to the view which, in our opinion, is the right one. They are too numerous to be separately canvassed, but there are two of them, which, from their prominence and influence upon the later decisions, should be referred to.

In Malone v. Railroad Co. (C. C.) 35 Fed. 625, Mr. Justice Harlan, sitting at the circuit, upon an application for an order of removal based upon a petition and affidavit merely alleging that the defendant could not obtain justice in the state courts on account of the prejudice and influence which existed in the locality, and where notice of the application had not been given, held that the showing was insufficient, and, further, that notice should be given of the application. Referring to the language of the act of 1887, he said:

"It seems to me that these words import a duty upon the part of the circuit court to investigate or examine the facts upon which an alleged inability to obtain justice in the state court must rest;" and again, "I am of opinion that congress did not intend to invest the circuit courts of the United States with authority to take cognizance of a case pending in the state court up..n the ground of prejudice or local influence against the defendant, a citizen of another state, unless the circuit court in some proper way found as a fact that such prejudice or local influence existed."

In Short v. Railway Co. (C. C.) 34 Fed. 225, Mr. Justice Brewer, then circuit judge, upon a motion to remand a case removed upon an affidavit similar to that tendered in the Malone Case, above cited, held that, before a removal can be had, under the act of 1887, on the ground of prejudice or local influence, there must be shown to the circuit court of the United States the existence of such prejudice or local influence; and that, if a case has been removed upon a prima facie showing, "the party opposing it may come in and traverse that allegation of prejudice the same as any other averment of fact; and this need not be done by plea of abatement. No particular form of procedure is prescribed." The motion to remand was sustained.

In substantial accord with those decisions and with our own views the law and practice is summed up in Black's Dillon Removals, §§ 135, 137.

The order of removal having been made in this case without notice of the application, we think the circuit court should have permitted the plaintiff to contest the allegations of the petition on which the order for removal was made, and should thereupon have investigated the truth thereof upon such form of evidence, whether by affidavits, depositions, or oral evidence, as it should deem proper.

The judgment is therefore reversed, with directions to the court below that upon vacating the judgment it entertain the application of the plaintiff for leave to contest the allegations of the petition on which the removal was made, and thereupon proceed in accordance with law and with the opinion of this court.